FARMERS' NAT. BANK OF PORTSMOUTH, O., *v.* HANNON, Adm'r, etc.[*]

*(Circuit Court, S. D. Ohio, E. D.   January 3, 1883.)*

SUBROGATION—NECESSARY PARTIES.

Where certain stockholders of a corporation had entered into an agreement among themselves that they would "each be responsible in mutual degree for all paper negotiated by the agent of the company," and in case any paper of the company should be negotiated with the individual indorsement of one of the parties thereto, and be unprotected by the agent of the company, then they would be "each and severally bound for the payment of such paper in mutual proportions;" and subsequently the corporation, by its agent, executed its promissory note to one of the parties to said agreement, by whom it was indorsed to another, who, in due course of trade, negotiated it, and no part of said note had been paid,—upon bill filed by the holder of such note against the administrator of one of the parties to said agreement, alleging the insolvency of the maker and indorsers of such note, and asking a decree for the entire amount thereof against defendant, *held*, that (1) as either of said indorsers could, if he had paid said note, have maintained an action against his co-contractors for their proportionate shares, the complainant was entitled to be subrogated to their rights; and (2) there was a defect of parties, the corporation, which was primarily liable for said note, and the defendant's intestate's co-obligors in said agreement, being necessary parties to a complete and final determination of the controversy.

In Equity.   On demurrer.

*Coppock & Coppock* and *Stallo, Kittredge & Shoemaker*, for complainant.

*E. A. Guthrie*, for defendant.

BAXTER, C. J.   It appears from complainant's bill that defendant's intestate was a shareholder in the Boone Mining & Manufacturing Company, a corporation organized under the laws of Kentucky, and that in order to enable said corporation to borrow money he entered into a contract with John Wynne, J. W. G. Stackpole, and other co-shareholders, as follows:

"CINCINNATI, February 21, 1871.

"We, the undersigned, shareholders of the capital stock of the Boone Mining & Manufacturing Company, hereby mutually agree with each other that they will each be responsible in mutual degree for all paper negotiated by the agent of the company for the use and benefit of the company; and should any paper be negotiated by the agent with the individual indorsement of one member, and be unprotected by the official agent by reason of a want of funds, then in such case the parties to this agreement shall be each and severally bound for

[*]Reported by J. C. Harper, Esq., of the Cincinnati bar.

the payment of such paper in mutual proportions, and this agreement shall continue in force until the payment of all such claims have been made.

"J. H. GUTHRIE.
"J. E. WYNNE.
"M. F. THOMPSON.
"JOHN WYNNE.
"D. M. DAVIS.
"J. & C. REAKERT.
"J. W. G. STACKPOLE."

And afterwards, on the twenty-seventh of April, 1875, the corporation, by its authorized agent, executed its promissory note for $5,328.22, payable four months from date to the order of said John Wynne, one of the parties to said contract, who indorsed it to Stackpole, by whom it was negotiated, in due course of trade, to the complainant. No part of this note has been paid. The complainant, alleging that the maker and the indorsers thereof are insolvent, prays for a decree for the amount thereof against the defendant as administrator of Guthrie. To this bill defendant has demurred, because, as he insists, it does not contain any equity whereon the court can ground any decree against defendant.

The several shareholders who entered into said contract of mutual indemnity were, as such, personally and pecuniarily interested in sustaining the credit and promoting the business of the corporation; and it was therefore that they severally undertook and mutually agreed to assume their several proportions of every liability that should thereafter be incurred by either of said parties under and pursuant to its provisions. And it is clear that if either of said indorsers had paid the debt demanded by the plaintiff in this suit, he could have maintained an action against his said co-contractors for the several amounts which they were, by the terms thereof, legally bound to contribute. If so, it follows that the complainant, being without remedy at law, is entitled to come into a court of equity for the purpose of having itself subrogated to their rights in the premises. But coming into equity it must adopt and pursue the peculiar methods appropriate to such tribunals. Before any decree can be made or relief given in a case like this, it must appear that all parties in interest are duly before the court, or a sufficient reason stated for omitting them. We think that there is a defect of parties in this case. The Boone Mining & Manufacturing Company, the maker of the note sued on, is primarily liable therefor.

It may have some valid defense to interpose. In the event the complainant succeeds in obtaining a decree against defendant, the

defendant would be entitled to a decree over against the principal debtor. The latter is therefore a necessary party to this suit, for the reasons—*First*, that it may make its defense, if it has any; and, *secondly*, to the end that if it has no defense, and a decree shall be rendered against the defendant herein, the latter may, without the expense and delay incident to the institution and prosecution of another and independent action, have his decree over against the corporation. We think, furthermore, that all the other parties to said agreement ought to be before the court. Complainant's claim is that defendant's intestate's estate is liable for its whole demand. We need not determine, at this time, how this is. It is for the present enough to say that such is complainant's contention. If the position is correct, each of the other parties to said agreement is in equity bound to contribute his proportionate part. Other equities may arise in the progress of the litigation for adjustment; but no such full and final adjustment could be decreed in their absence. The demurrer is therefore sustained. Complainant will be allowed 60 days in which to amend its bill and make new parties, or else show some good and sufficient reason for not doing so.

If such amendment shall not be made within the time allowed, complainants' bill will be dismissed with costs.

See *Farmers' Nat. Bank of Portsmouth, Ohio,* v. *Hannon, Adm'r, etc.,* 4 FED. REP. 612, where it was held that an action at law could not be maintained upon the contract set out in the opinion reported above.—[REP.